UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRIC JOHMARCO JEROME KIZZIE, Plaintiff, | § § § § § | CIVIL ACTION NO. 4:19-CV-02780 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| THE CITY OF WILLIS, TEXAS *et al*, Defendants. | § § § § | |

**MEMORANDUM ON DISMISSAL
AND FURTHER ORDER TO SHOW CAUSE**

The complaint filed by Plaintiff Kendric Johmarco Jerome Kizzie was not a model of clarity but did appear to raise a claim of potential concern. Dkt 1. But he has since failed to prosecute his action with diligence or attention.

The claims against Defendants John McCaffery and Kenneth Elmore are dismissed without prejudice for failure to effect service under Federal Rule of Civil Procedure 4(m).

The Court further orders Kizzie to show cause as to why his entire action should not be dismissed for want of prosecution.

1. Background

This litigation arises from an alleged incident between Kizzie and two City of Willis police officers, McCaffery and Elmore. A woman claimed that Kizzie had sexually assaulted her at her home on July 29, 2017. Dkt 1 at ¶ 8. Upon dispatch at various times that day, McCaffery and Elmore each had largely inconsequential interactions with Kizzie at the home. Ibid. But in a later confrontation away from the home, Kizzie was ultimately

(and allegedly) tasered, fell into a ditch, and was restrained in an unnecessarily rough manner. Ibid.

The officers charged Kizzie with evading arrest. Id at ¶ 9. Kizzie alleged that they falsely reported that he had resisted arrest and wrote false statements in the police incident report. Ibid.

The Montgomery County District Attorney's Office investigated the incident. Id at ¶ 6. According to publicly available documents, McCaffery and Elmore were later convicted of tampering with governmental records and sentenced to one year in prison. Dkts 15-1, 15-2.

On July 29, 2019 Kizzie filed this case against the City of Willis, McCaffery, and Elmore. Dkt 1. Kizzie brought individual claims against McCaffery and Elmore for excessive force, assault and battery, and failure to intervene. Kizzie also brought claims under 42 USC § 1983 against the City of Willis.

Kizzie has never served his complaint on McCaffery and Elmore. The City of Willis filed a motion to dismiss on September 24, 2019. Kizzie has never filed a response or opposition.

The Court held a status conference and hearing on January 17, 2020. Kizzie's counsel failed to appear without explanation.

> 2. Dismissal of McCaffery and Elmore for failure to effect service

Nearly seven months have passed since Kizzie initiated this action. He has still not served McCaffery or Elmore. On February 5th, the Court ordered Kizzie "to show cause by February 14, 2020 why the Court should not dismiss the claims against McCaffery and Elmore for Kizzie's failure to satisfy Rule 4(m)." Dkt 16. Kizzie failed to respond to this order.

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Rule "requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause

for the failure." *Lewis v Secretary of Public Safety and Corrections*, 870 F3d 365, 369 (5th Cir 2017).

Given Kizzie's failure both to serve McCaffery and Elmore and to respond to the show-cause order, the Court finds that dismissal is appropriate. The Court dismisses the claims against McCaffery and Elmore without prejudice.

### 3. Dismissal for failure to appear at hearing

This action was transferred to this Court on October 23, 2019. Dkt 10. The Court originally set a status conference for December 5th. Dkt 11. The Court reset that status conference for January 17, 2020 at the request of Kizzie's counsel. Dkt 14. Kizzie's counsel then failed to appear.

At the conference, the Court requested assistance from counsel to the City of Willis in reaching Kizzie's counsel. Defendant's counsel attempted contact several times but received no response. Dkt 15. The Court also entered a Minute Entry noting the absence of Kizzie's counsel and his failure to respond to the City of Willis' request for a demand. The Court to this date has heard no explanation for counsel's absence.

This Court has published its procedures on the Southern District of Texas website. Rule 7(c) of those procedures states: "Failure to appear when notified of a setting may subject the attorney and/or the party to sanctions, including dismissal for want of prosecution or other appropriate order or judgment."

This rule is in line with the Federal Rules of Civil Procedure. Rule 16(f) provides that a court may dismiss an action "if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate—or does not participate in good faith—in the conference; or fails to obey a scheduling or other pretrial order." And Rule 41(b) grants a court authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Fifth Circuit holds that courts have inherent authority to dismiss an action *sua sponte* under these rules. See *McCullough v Lynaugh*, 835 F2d 1126, 1127 (5th Cir 1988).

The Court finds that dismissal is appropriate under Rules 16(f) and 41(b) and under Rule 7(c) of its procedures. But the Court will permit Kizzie fourteen days to show cause why these circumstances do not warrant dismissal.

4. Conclusion

The Court DISMISSES the claims against McCaffery and Elmore without prejudice.

The Court ORDERS Kizzie to show cause by March 10, 2020 why his entire action should not be dismissed for want of prosecution.

SO ORDERED.

Signed on February 25, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge